## HADEN H. EDWARDS, ADM'R., v. RUSSELL ROARK.

It is no objection to the admissibility of a copy, certified from the General Land Office, that a part of the title,—the concession, for example,—is a testimonio ; for when the final title was issued, that, as well as other papers evidencing the incipient stages of the title, became an archive in the office from which the title emanated, and was properly transferred to the custody of the Commissioner of the General Land Office.

It would seem that the Lieutenant Colonel of Cavalry, and Military and Political Commander of the town of Nacogdoches and its jurisdiction, in 1797, did not have authority to grant lands in full property.

An inchoate title to land may be given in evidence in support of other proof of title ; as possession continued for a length of time sufficient to raise the presumption of a grant; and the inchoate title would be evidence of the boundaries of the possession.

Appeal from Nacogdoches. Tried below before the Hon. Archibald W. O. Hicks.

Trespass to try title to two leagues of land, brought by Chas. Chevaillier against the appellee. Chevaillier having died, Haden H. Edwards, his administrator, became a party. The plaintiff claimed by conveyance from the heirs of Bernardo Dortolan, (D'Ortolan, de Hortolan, or Hortilano.) At the

trial, the plaintiff offered in evidence a certified copy from the General Land Office, as follows :

Mr. Lieutenant Governor. I, Bernardo Dortolan, Captain of Cavalry, and of the Militia of the Post of Natchitoches, Province of Louisiana, and actually of Nacogdoches, with the due respect before your Executive Tribunal, present myself and say, that desiring to establish a rancho in this vicinity, as well to raise stock as to improve the products of the soil for my maintainance, I have determined to solicit the favor of a tract of land appropriate for both objects, situate immediately on the Bayou Loco, and adjoining the establishment of the Mission of this town to the old Village, which comprises two leagues of land, with the corresponding depth ; therefore I pray you may be pleased to provide and direct this my petition to the Senor Governor General of the Province, to the end that his Highness may be pleased to concede to me the title, in form, for the legitimate possession of the land, if he grant it.

I swear that it does not proceed from malice, &c.

BERNARDO DORTOLAN.

NACOGDOCHES, 17th of October, 1796.

NACOGDOCHES, 17th of October, 1796. This petition will pass to the Attorney of this town, who being informed of it, will put the party in formal possession of it, without prejudice to third parties.

JOSE MARIA GUARDIANA.

On the 28th day of the month of March, 1797, in compliance with the foregoing Decree, I, Jose Cayetano Zepada, Recorder, Attorney and Surveyor of this community of the town of our Lady of Pilar of Nacogdoches, repaired, accompanied with the witnesses of my assistance, Jose Maria Mora and Andres Ruis, to the place called the Creek of Loco, situated about four leagues from this town of Nacogdoches, on the eastern margin of the Loco Creek, on this side, for the pur-

pose of establishing in this place, of the Loco Creek, Mr. Bar-
nardo Dortolano, who was found present ; and I gave him the
possession for which I have been ordered in virtue thereof,
and being on the Creek of the Loco, after having inquired if
there were any citizens adjoining, that they might be cited to
be present at the performance of this act, and I being well in-
formed that the nearest were three leagues distant, a little
more or a little less, from this said place of the Loco Creek,
and that no one of the boundaries of their possessions reaches
to this place designated by Mr. Barnardo Hortilano in his
foregoing writing, for which reason it does not prejudice in
any manner the nearest which is the land surveyed in favor
of the mission of this town of our Lady of Pilar of Nacogdoches,
where was made the corresponding marks for the information
of both parties, putting the said Mr. Bernardo Hortilano in
possession of the land which he asks from the Crown, in his
aforesaid writing, with all the extension and boundaries
therein expressed ; and I have visited these boundaries and
territories enclosing the land, with the indicated assisting
witnesses and with the aforesaid Don Bernardo Hortilano, and
taking him by the right hand, I, travelled with him a number
of paces from North to South, and another number of paces
from East to West ; and afterwards loosing his hand, he
travelled at will over the said territory of the Loco Creek ;
he pulled weeds, made holes in the earth, set stakes, cut
bushes, took pieces of earth and threw them, and did many
other things in sign of the possession in which I have placed
him.   In the name of his Majesty, whom may God guard, I
give the land with the boundaries and extension which he has
asked ; and in demonstration of the property and ownership
which he has over it, as the only owner which is invested of
this act of possesion, and for the superior and abundant right
and property forever which he has acquired upon said land, giv-
ing him to the old Village, in the direction of the West ; and in

the direction of the East, to the Creek of Alo San (Sorrel Creek;) and in the direction of the north, to the Royal road of San Antonio ; and in the direction of the south, to the marks made for the land pertaining to the Mission of this town, in the manner, place and boundaries expressed in his foregoing writing, with the entrances, outlets, uses and appurtenances which are possessed by Mr. Bernardo de Hortolan ; was given all the aforesaid Loco Creek, where is found situated San Bernardo of the Loco Creek ; because partially this said territory has been called San Bernardo of the Loco Creek ; and the aforesaid Mr. Bernardo de Hortolan, remaining in entire and pacific possession, according to right, of all the indicated land, that in all time it may be evidence I have signed this act of possession with the aforesaid witnesses, in the place of the San Bernardo of the Loco Creek, on the same day and year. Jose Cayetano de Zapada. Assisting. Andres Ruis. Assisting, Jose Maria Mora.

I. Jose Maria Guardiana, Cadet of the Town, Company of Babia and Commander of the town of Nacogdoches and its jurisdiction, confirm and give this title of possession in form. in the name of his Majesty, whom may God guard, to Mr. Bernardo Dortolan in perpetuity, for him, his children, heirs and successors, or others, who may represent his rights, and in testimony of the possession of the Recorder and Attorney, Mr. Jose Cayetano de Zepada that the aforesaid land is relinquished and does not prejudice the citizens. Given in the said town on the 18th day of the month of March, 1797.

JOSE MARIA GUARDIANA.

This testimonio agrees with its original which remains in the archives of my charge, from whence it has been taken by order of Mr. Jose Maria Guardiana, Lieutenant Colonel of Cavalry and Military and Political Commander of the town of Nacogdoches, and caused it be corrected and compared. It is certainly and truly corrected and compared ; and at the

taking of it were present as instrumental witnesses, Mr. William Barr, Mr. Jose de la Bega and Mr. Jose Ybards. Also, for its due continuance I, the said Lieutenant Colonel of Cavalry, have signed, with two witnesses of my assistance, with whom I act in the absence of a Notary Public, on the 13th day of the month of April, of the year 1810, to all of which I certify. Jose Maria Guardiana. Assisting Jose Pineda. Assisting Manual Bustamente.

Mr. Governor: Bernardo Dortolan, a citizen of this village of Nacogdoches, in the most proper form of right and proceeding, would represent and say, that in conformity with the documents which duly accompanies and is presented, I am in possession of a rancho about four leagues distant from the village, situated in the place called Arroyo Loco (Loco Creek,) being an extension of two sitios of pasture land from the points north, south, east and west, bounded by lands of the Reverend Fathers; and designing to perpetuate and maintain thereon my property, &c., I pray you may be pleased to adjudge it to me in form, in order that I may secure the title of property and ownership that may correspond to it, for which I have signed and make the necessary oath of justice, &c.

BERNARDO DORTOLAN.

By being presented with the accompanying document mentioned, and admitted on common paper in the absence of stamp paper, this will pass to Mr. Pedro Prozelo, whom I specially commission to proceed to the said place to see it with his own eyes, to measure it and look at the boundaries, notifying the adjoining parties, and he will notify me of the quality and condition of it, and its waters, and place the corresponding value on it, which he will report to me.

M. SALCEDO.

Decree of Mr. Manuel De Salcedo, Lieutenant Colonel of Infantry of the Royal Forces, and Political and Military Governor by his Majesty, of the Province of Texas and the New

Philipines, on the 29th day of April, 1810, before me of which
I certify.                    MANUEL DELGADO, Notary Public.

On the same day, month and year, I, the undersigned No-
tary, notified and caused the said Bernardo Dortolan to be in-
formed in his person of the foregoing decree, and it being de-
livered to him he signed it with me.    I certify.

                              DELGADO,
                              BERNARDO DORTOLAN.
                              PEDRO PROZELO.

In the said village of Nacogdoches, on the 6th day of the
month of May, 1810, in observance of the foregoing decree
and commission, conferred by Mr. Manuel Salcedo, Lieutenant
Colonel and Governor of this Province of Texas, I repaired
to the rancho of Mr. Bernardo Dortolan, and accompanied by the
two assisting witnesses signed below, whom I also appointed
for appraisers, and with citation to the parties adjoining the
said rancho, I extended the coral of survey, and before my
eyes made the corresponding surveys, and only encountered
the space of two and one half sitios, of which only one and a
half possess water, but without affording any irrigation what-
ever ; bounded on the south by the Angelina river ; on the
west, by lands of Mr. William Barr and Mr. Samuel Daven-
port ; on the north by lands which belonged to said Mr. Ber-
nardo Dortolan, and on the east, by lands of the Reverend
Fathers.    It has good pasture in the summer and winter.    It
has good farming land, and may serve for a fanega of corn.
It abounds with hornets and other insects which impede the
increase of stock.    And having made the demarcation and
land marks on the various courses, the two appraisers agreed,
with me that the said land was not worth more than twenty-
five dollars.    And that it may all appear to the Governor for
his superior determination, to whom this is returned according
to the decree, the said witnesses signed with me in the said
town, day, month and year.

                              PEDRO PROZELA.
Witness, JOAQUIN MAULES HOCA.    Witness, ANDRES RUIS.

The defendant objected on the ground that the documents in the Land Office from which the copy offered in evidence was certified, was a testimonio, and therefore not properly an archive of that office, of which the Commissioner could certify copies.

The plaintiff also offered in evidence a Spanish copy of the same documents, certified May 5th, 1835, by Angel Navarro, Political Chief, provisionally of the Department of Bexar, to have been taken *verbatim* from the original "which now exists in the archives of this Chief's office in my charge." The *signature* of Navarro was proved. This was objected to on the ground, that it was a copy of a testimonio, and further that the certificate of Navarro did not so authenticate it, as to render it admissible in evidence.

Both documents were excluded and plaintiffs excepted. There was evidence of possession by Dortolan and his heirs, and there were bills of exception to the exclusion of evidence, not necessary now to be noticed. Judgment for defendant, &c. The document offered in evidence and excluded, would seem to be similar to that in Edwards v. Davis, 3 Tex. R. 321.

*J. M. Ardrey* and *Clark & Walker*, for appellant.

*Pollock* and *Henderson & Jones*, for appellee.

WHEELER, J. The certified copy of the plaintiff's proposed evidence of title was not obnoxious to the objection on which it was excluded; that is, that it was the copy of a testimonio, and not of an original archive. It is true that the evidence of a possessory title, which preceded the action of Governor Salcedo was a copy or testimonio; but the document which evidenced the action of the Governor, and the Commissioner appointed by him, appear to be the original, or protocol, and the whole is therefore an archive in the Land Office. It is no objection to the copy of a title in the Land Office, that a part of the title,—the concession, for example,—is

a testimonio; for when the final title was issued, that, as well as all other papers evidencing the incipient stages of the title, became an archive in the office from which the title emanated, and was properly transferred to the custody of the Commissioner of the General Land Office.

But, although the copy was admissible, it did not contain any evidence of a complete grant or title. There is no evidence of any action taken upon the report of the Commissioner appointed by the Governor to survey and appraise the land, of any confirmation of the title, or of any grant of the land in absolute property. The document, which the copy was offered to prove, is not, in itself, evidence of a grant or title to the land, and could only become competent evidence of title, in connexion with some evidence of a grant, either direct and positive, or presumptive. It might be received in aid of other proof of title. The petition alleges the confirmation of title in 1810; and that the grantee and his representatives were then in possession, and that they continued the uninterrupted possession until in the year 1845, when the alleged trespass was committed. If the plaintiff was able to prove such confirmation or grant, or possession continued for a length of time sufficient to raise the presumption of a grant, this evidence might have become material and essential to identify the locality and boundaries of the land. In this view it was admissible; and had it not been excluded, for aught that appears, the plaintiff might have introduced such further evidence of title. We cannot say he was not prevented from doing so by the exclusion of this evidence, without which such further evidence would have been unavailing. The exclusion of the evidence may have operated to his prejudice, and will therefore require a reversal of the judgment.

It is not material to inquire whether there was error in excluding the copy certified by the Political Chief of the Department of Bexar; for the reason that it would prove nothing more than the Land Office copy; and of coure he will

derive all the benefit from the latter, which he could derive from the copy of the same document made by the Political Chief. Nor is it necessary to revise the other rulings of the Court reserved by the bill of exceptions, as those questions may not arise for decision upon another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.